IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROSE STABLER,               )
                            )
    Plaintiff,              )
                            )
v.                          )    CIVIL ACTION 10-0672-WS-C
                            )
PACK & LOAD SERVICES, INC., et al., )
                            )
    Defendants.             )

# ORDER

This matter is before the Court on its sua sponte review of its subject matter jurisdiction. (Doc. 7). The plaintiff filed suit in state court against Pack-N-Load Services, Inc. ("Pack"). (Doc. 1, Exhibit A at 3). She later filed a first amended complaint adding Florida as a defendant. (*Id*. at 41). The amended complaint asserts state-law claims of breach of contract, negligent supervision, wanton supervision, negligence and wantonness. (*Id*. at 41-44). Despite the absence of any pleaded federal cause of action, Florida removed on the grounds that the Carmack Amendment completely preempts the state-law claims and the amount in controversy exceeds $10,000. (Doc. 1 at 2-3).

The amended complaint alleges that the plaintiff contacted Pack to discuss hiring it to "pack her personal belongings and load them into PODs units for storage and/or an expected move." The defendants advised they would properly protect the plaintiff's property, and they entered a contract to "pack, store and move" the property. However, the defendants carelessly "packed and loaded" the property, including by: not using identification tags or inventory lists; using inadequate packaging/padding; losing and/or damaging many items; overloading the POD units and rendering them inaccessible; and moving wrong items to New Orleans. (Doc. 1, Exhibit A at 41-42).

[1]

Two appellate courts have held that the Carmack Amendment completely preempts at least some state-law claims, such that federal jurisdiction exists even when the complaint asserts no facially federal claim. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). This Court has concurred. *United States Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1338-39 (S.D. Ala. 2003).

Complete preemption extends to "cause[s] of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins*, 343 F.3d at 778; *accord Yellow Freight*, 296 F. Supp. 2d at 1339. The complaint, however, does not allege loss or damage to goods arising from the interstate transportation of those goods. Most of its allegations address problems with the packing and storage of goods locally. The only allegation clearly addressing interstate transportation is the assertion that "[w]rong items were packed for delivery and were moved to New Orleans." (Doc. 1, Exhibit A at 42). But shipping the wrong item is not losing or damaging the shipped item.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted). The burden is thus on Florida to prove that complete preemption applies to the plaintiff's complaint. The Court specifically directed Florida "to address, inter alia, the Court's subject matter jurisdiction" in its briefing on its motion for judgment on the pleadings. (Doc. 7). In response, Florida merely repeated the conclusion articulated in its notice of removal that the complaint "arose out of the interstate transportation of household goods." (Doc. 11 at 1). As noted, only one fraction of the complaint so arises, and it does not concern loss or damage to the shipped goods. Florida has neither argued otherwise nor asserted (much less demonstrated) that complete preemption extends to claims of shipping the wrong items. Whatever arguments might be made to support such a proposition, Florida has not made them, and the Court will not take upon itself Florida's burden to establish the existence of subject matter jurisdiction.

Florida also points out that, following removal, the plaintiff amended her complaint by consent to add a claim expressly under the Carmack Amendment. (Doc. 11 at 1-2). The amendment, however, comes too late to supply subject matter jurisdiction. "The existence of federal jurisdiction is tested at the time of removal. ... Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors*, 552 F.3d at 1294-95; *accord Connecticut State Dental Association v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1351 n.9 (11th Cir. 2009) ("Although Plaintiffs reference their amended complaints in their briefs, we consider the original complaints because removal jurisdiction is determined at the time of removal ...."); *Pintando v. Miami-Dade Housing Authority*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) ("[T]he district court must determine whether a federal question exists at the time of removal using the original complaint ....").

Finally, Florida argues that removal was proper based on diversity of citizenship. (Doc. 11 at 2). Florida asserted no such grounds for removal in its notice of removal, and it has not attempted to show that it may permissibly raise new grounds now. At any rate, Florida has not shown that subject matter jurisdiction exists on this basis.

First, Florida does not know the citizenship of Pack, so it cannot show that complete diversity of citizenship exists. Instead, it argues that Pack settled with the plaintiff prior to removal and that its citizenship should therefore be ignored. (Doc. 11 at 2). As Florida's own evidence demonstrates, while an agreement to settle may have been reached prior to removal, no such agreement had been executed prior to removal, and Pack remained as a party of record when removal occurred. Florida has not attempted to show that an existing, non-diverse party may be ignored for jurisdictional purposes under such circumstances. Again, the Court will not undertake to compensate for Florida's failure.

Second, Florida has not shown that the amount in controversy at the time of removal exceeded $75,000. The complaint demands only "damages … greater than

twenty thousand dollars," (Doc. 1, Exhibit A at 42), and Florida wisely does not suggest that the complaint meets its burden. Instead, Florida looks to the post-removal amended complaint, which added a Carmack Amendment claim that (unlike all other asserted claims) alleges damages of $100,000. (Doc. 8 at 4). As with the existence of a federal question, the requisite amount in controversy must exist at the moment of removal; later events are allowable only if relevant to the amount in controversy when removal occurred. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Florida has not explained why the Court should view the amended complaint as reflecting the amount in controversy at the time of removal rather than reflecting a post-removal increase in the amount in controversy. It seems clearly the latter, since only the Carmack Amendment claim – which was not asserted at the time of removal – alleges a sufficient amount in controversy. Whatever arguments might have been made to the contrary, Florida has not advanced them, and the Court will not do so on its behalf.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The Court has inquired into its jurisdiction and Florida, the party bearing the burden of demonstrating the existence of such jurisdiction, has not carried its burden. Accordingly, this action is **remanded** to the Circuit Court of Mobile County.[1]

DONE and ORDERED this 25th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That Florida may attempt a second removal following remand furnishes no grounds to ignore the lack of subject matter jurisdiction that existed at the time of this removal. Jurisdiction is a question of power, not expedience, and "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted).